1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

J & J Sports Productions, Inc.,

CASE NO. 3:12-cv-02228-GPC-WMC

11

Plaintiff,

**ORDER GRANTING MOTION FOR ATTORNEY FEES AND COSTS**

12

vs.

13

Julio Cesar Paz-Padilla et al.,

**(ECF NO. 15)**

14

Defendants.

15
16

On August 30, 2013, Plaintiff J & J Sports and Production, Inc. ("Plaintiff") filed

17

a motion for attorney fees and costs.  (ECF No. 15.)  For the following reasons, the

18

Court hereby **GRANTS** Plaintiff's Motion.

19

**BACKGROUND**

20

Plaintiff filed the instant suit on September 13, 2012, against defendants Julio

21

Cesar Paz-Padilla and Enedina Serrano ("Defendants") for violation of Plaintiff's

22

exclusive nationwide commercial distribution rights to *"Star Power": Floyd*

23

*Mayweather, Jr. V. Victor Ortiz Championship Fight Program* (the "Program") on

24

September 17, 2011. (ECF No. 1.)  The Court entered a default judgment in Plaintiff's

25

favor on August 19, 2013.  (ECF No. 14.)

26

**DISCUSSION**

27

Plaintiff requests an award of costs and attorney fees based on the Court's entry

28

of default judgment, claiming it is the prevailing party for purposes of such an award.

(ECF No. 15.)

"Without some statutory or other exception to the American rule, prevailing parties generally do not recover attorneys' fees." <u>Cann v. Carpenters' Pension Trust Fund</u>, 989 F.2d 313, 315.  Here, there is such a statutory exception to the American rule.

Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). A "person aggrieved" includes "any person with proprietary rights in the intercepted communication by wire or radio," <u>J & J Sports Prods., Inc. v. Morales</u>, 2011 WL 6749080 (E.D. Cal. Dec. 22, 2011) (citing 47 U.S.C. § 605(b)(6)), or whose rights to a communications service have been violated by unauthorized interception or receipt of the service,  47 U.S.C. § 553(a), <u>see also</u> <u>J & J Sports Prods., Inc. v. Rezdndiz</u>, 2008 WL 5211288, at *2 (N.D. Ill. Dec. 9, 2008) (holding that, under 47 U.S.C. § 553, "it is clearly possible for non-cable operators to be 'aggrieved' as a result of unauthorized interception").

"Courts consistently confirm that 'a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" <u>San Diego Police Officers' Ass'n v. San Diego City Employee's Ret. Sys.</u>, 568 F.3d 725, 741 (9th Cir. 2009).  Thus, a plaintiff who obtains a default judgment may be considered a prevailing party for purposes of awarding fees and costs under § 605. <u>See J&J Sports Prods., Inc.  v. Miranda</u>, 2009 WL 3837273 (N.D. Cal.  Nov.  16, 2009).

Here, Plaintiff prevailed on its claim for violation of 47 U.S.C. § 605 by obtaining a default judgment.  Plaintiff is thus entitled to an award of its costs and an award of reasonable attorney fees.  Plaintiff seeks $1,086.24 in costs and $2,448.75 in attorney fees.

Plaintiff's costs include investigative expenses ($575.00), filing fee ($350.00), photocopying charges ($6.24), and service-of-process charges ($155.00).  The Court finds these costs are allowable by law and necessarily incurred.

To determine the amount of reasonable attorney fees, district courts typically proceed in two steps.  See Gonzalez v. Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). Courts first apply the lodestar method to determine a reasonable fee and then may adjust any award up or down depending on various factors.  Id.

The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Here, Plaintiff's counsel spent 13.90 hours investigating and reviewing facts; preparing and sending demand letters; drafting, filing, and serving the Complaint; seeking the Clerk's Entry of Default; drafting, filing, and serving the Motion for Default Judgment; and drafting, filing, and serving the instant motion.  Based on the Court's experience, the Court finds 13.90 hours to be a reasonable number of hours for the work done.

The majority of the work done by Plaintiff's counsel (6.95 hours) was done at a rate of $75.00 per hour.  Three hours of work was done at $150.00 per hour, two hours at $300.00 per hour, and 1.95 hours at $450.00 per hour.  The average of these hourly rates is $243.75, which— based on the Court's experience and the fee table attached as Exhibit 2 to the declaration of plaintiff's counsel—the Court finds to be a reasonable hourly rate for this geographic area.

The Court thus calculates the lodestar by multiplying 13.90 hours by $243.75 per hour, which equals $3,388.13.  This is nearly $1,000 more than the amount Plaintiff seeks.  Accordingly, the Court finds it unnecessary to adjust the amount of Plaintiff's requested fees.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and awards Plaintiff $1,086.24 in costs and $2,448.75 in attorney fees.  The hearing on Plaintiff's

/ / /

/ / /

/ / /

1    Motion, currently set for December 6, 2013, is **VACATED**.

2              **IT IS SO ORDERED.**

3    DATED:  November 12, 2013

4

5              HON. GONZALO P. CURIEL
              United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28